IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSANA M. RUIZ ALBINO,

**Plaintiff,**

v.

**Civil No.** 12-1060 (FAB)

MUNICIPALITY OF GUAYANILLA, *et al.*,

**Defendants.**

OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Municipality of Guayanilla's ("defendant Municipality") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (Docket No. 10.) Having considered the arguments in the motion to dismiss, (Docket No. 10), and Rosana M. Ruiz-Albino's ("plaintiff Ruiz") opposition, (Docket No. 15), the Court **GRANTS** defendant Municipality's motion to dismiss for the reasons discussed below.

I.   **BACKGROUND**

A.   **Procedural History**

On January 30, 2012, plaintiff Ruiz filed a complaint seeking damages from defendant Municipality and defendant Edgardo Arlequin-Velez ("defendant Mayor Arlequin") in his official and individual capacities, as well as unidentified defendants "not presently [sic] known to the plaintiff," in their official and individual capacities.  (Docket No. 1.)  Pursuant to 42 U.S.C.

§ 1983 ("section 1983"), she asserted claims of political discrimination, political harassment, and equal protection and due process violations of the First and Fourteenth Amendments of the United States Constitution. Id. Additionally, plaintiff Ruiz sues the same defendants for violations of the Constitution of the Commonwealth of Puerto Rico. Id. Defendant Municipality filed a motion to dismiss pursuant to Rule 12(b)(6) on June 19, 2012. (Docket No. 10.) Plaintiff Ruiz filed an opposition on July 20, 2012. (Docket No. 15.)

    **B.  Factual Background**

       In her complaint, plaintiff Ruiz alleges the following non-conclusory facts. She began her employment with the defendant Municipality as an Office Clerk at the Municipal Finance Department in 2002. (Docket No. 1 at p. 3.) Sometime thereafter, the position became permanent. Id. From 2004 to 2007, plaintiff Ruiz participated in political activities that supported defendant Mayor Arlequin's reelection campaigns as part of the Popular Democratic Party ("P.P.D."). Id. Around 2007, plaintiff Ruiz became the Director of the Citizen's Services Office, where she supervised employees and took complaints from citizens, which she referred to the defendant Mayor. Id. She kept her designation as Clerk while she carried out the additional duties. Id.

       Around October 2009, plaintiff Ruiz's husband began to work for a political team supporting another P.P.D certified

candidate who rivaled defendant Mayor Arlequin in the P.P.D. Guayanilla mayoral primary race.  Id.  Plaintiff Ruiz's husband performed computer work for defendant Municipality, but his association with defendant Mayor Arlequin's rival was well-known throughout the area.  Id. Plaintiff Ruiz occasionally appeared along-side her husband at community events that supported the rival P.P.D. candidate.  Id. at pp. 3-4.  Plaintiff Ruiz was treated as the rival's supporter because of her marital relationship and appearances alongside her husband.  Id. at p. 4.

Plaintiff Ruiz was removed as Director of the Citizen's Services Office and was assigned to the Municipal Waste and Recycle Plant.  Id.  She alleges that she was "belittled" and asked to perform tasks outside of her official duties as a Municipal Clerk.[1] Id.  Thereafter, plaintiff Ruiz's supervisor accused her of misusing a USB drive to steal information, to which she had access at her previous position, about Municipal employees and local citizens.  Id.  Her supervisor accused her of using this information for personal gain, and also accused her of undue use of the municipal computers for personal benefit.  Id.

---

[1] Plaintiff Ruiz did not plead any factual support beyond this conclusory statement to show how she was belittled or what types of duties outside of the clerk's she was asked to complete. Additionally, she does not plead who belittled her or asked her to complete these other duties.

An administrative hearing was held to address the allegations against plaintiff Ruiz.[2]  *Id.*  Prior to the hearing, defendant Mayor Arlequin made a series of statements to the local press indicating that one of his employees had been accused of information theft.  *Id.* at pp. 4-5.  Defendant Mayor Arlequin did not name plaintiff Ruiz as the suspect in these statements, but he provided "[t]he name[s of,] and statements of facts by[,] fellow municipality workers."  *Id.*  Plaintiff Ruiz alleges that the information provided by the mayor made the "plaintiff's identity rather obvious among municipal employees and to the local public." *Id.* at p. 5. When she heard about the press releases, plaintiff Ruiz suffered an emotional breakdown, requiring medical treatment. *Id.*  After an administrative hearing, plaintiff Ruiz was dismissed from her position on January 31, 2011.[3]  *Id.*

## II. LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  When assessing whether a plaintiff's

---

[2] Plaintiff Ruiz did not plead who held the hearing or how it was carried out.  She did not state what was decided at the hearing.

[3] Plaintiff Ruiz pleads that she was dismissed via a letter, but does not say who dismissed her, other than to say "defendant" dismissed her.  (Docket No. 1 at p. 5.)  The Court surmises that defendant Mayor Arlequin dismissed her.  She alleges that the dismissal letter was incorrectly dated January 31, 2010.  *Id.* Plaintiff Ruiz also contends that the evidence of theft was not strong, but she does not say what the outcome of the hearing was.

complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the Court must utilize a two-pronged approach. See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011). First, the Court can disregard statements that "offer legal conclusions couched as fact," because the plaintiff must do more than "parrot the elements of the cause of action." Id. at 12. Second, the Court is bound to treat all "properly pled factual allegations" as true and draw all reasonable inferences in the plaintiff's favor. Id. The Court must base its determination solely on the material submitted as part of the complaint and expressly incorporated within it. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Supreme Court has held that a plaintiff's pleading must cross "the line between possibility and plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 577 (2007). A district court should not attempt to forecast the likelihood of success even if proving the alleged facts is "improbable." Id. at 556. A complaint that contains a plausible basis for relief, therefore, "may proceed even if it

appears that a recovery is very remote and unlikely." Id. at 556
(internal citation omitted).  The Court draws "on its judicial
experience and common sense" in evaluating the complaint's
plausibility.  Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st
Cir. 2012) (internal citation omitted).

## III. DISCUSSION

Defendant Municipality argues that plaintiff Ruiz fails to
state a claim for political discrimination, political harassment,
an equal protection violation, or a due process violation pursuant
to the First or Fourteenth Amendments necessary for section 1983
liability.  (Docket No. 10 at pp. 2-8.) It also contends that any
claim related to political harassment is barred by the expiration
of the statute of limitations and that plaintiff Ruiz fails to
establish municipal liability.  (Docket No. 10 at pp. 6-7, 10.)
The Court addresses those arguments in turn.

### A.    Plaintiff Ruiz's Section 1983 Claims

Section 1983 allows "a private right of action for
violations of federally protected rights." Marrero-Gutierrez v.
Molina, 491 F.3d 1, 5 (1st Cir. 2007).  The Supreme Court has held
that section 1983 does not confer substantive rights, "but provides
a venue for vindicating federal rights elsewhere conferred."
Marrero-Saez v. Municipality of Aibonito, 668 F.Supp.2d 327, 332
(D.P.R. 2009) (citing Graham v. M.S. Connor, 490 U.S. 386, 393-94
(1989)).  In order to state a claim pursuant to section 1983, a

plaintiff must plausibly plead (1) that he or she was deprived of a constitutional right; (2) that a "causal connection exists between [defendants' conduct] and the [constitutional deprivation]; and (3) that the challenged conduct was attributable to a person acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

### 1.   Municipal Liability

Municipalities are "persons" for the purpose of a section 1983 claim, and, therefore, are subject to claims pursuant to the statute. See Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 690 (1978). Municipalities cannot be held vicariously liable for actions of its employees, however, pursuant to a theory of respondeat superior. Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (internal citations omitted). In order for a plaintiff to allege a claim of municipal liability, he or she must show "a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Com'rs. of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997) (internal citation omitted). Liability can be established in two ways: (1) when a municipal custom or policy causes a constitution violation, or (2) when a person with final decision making authority took the action that violated the constitutional right. See Kelly v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002).

The Court finds that plaintiff Ruiz fails to allege facts showing that the municipality enforced a policy or custom that led to her dismissal.  First, plaintiff Ruiz fails to plead that a policy or custom even existed.  (See Docket No. 1.)  The Court surmises it would be a custom or policy to dismiss people who supported one of defendant Mayor Arlequin's rivals.  Other than conclusory statements that plaintiff Ruiz was "belittled" and dismissed because of her support for the rival, she does not provide any support demonstrating a municipal policy or custom. See id.  Evidence of a plaintiff's own employment history is not enough to support a claim of a municipal custom or policy.  See Murray v. City of Boston, 104 F.3d 348, 348 (1st Cir. 1996) (affirming summary judgment against a plaintiff who attempted to establish a municipal policy or custom with only his employment history and the fact that other unrelated claims had been filed against the city).

Second, the Court finds that plaintiff Ruiz fails to plead a municipal policy or custom through the actions of a person with final decision making authority.  In Puerto Rico, the mayor is considered a person with final decision making authority for the municipality.  See P.R. Laws Ann. tit. 21, ch. 97 § 1061 et seq. (2004).  Accordingly, plaintiff Ruiz may bring a section 1983 claim against defendant Municipally of Guayanilla by establishing municipal liability if she sufficiently pleads facts demonstrating

Civil No. 12-1060 (FAB)                                             9

that defendant Mayor Arlequin, or another person with final
decision making authority, violated her constitutional rights.
"[I]t is plain that municipal liability may be imposed for a single
decision by municipal policymakers under appropriate
circumstances." Pembaur v. City of Cincinnati, 475 U.S. 469, 480
(1986); see also Kelley, 255 F.3d at 9.  For the reasons discussed
below, the Court finds that plaintiff Ruiz fails to establish that
the only identified person in her complaint, defendant Mayor
Arlequin, violated her constitutional rights on even a single
occasion.  Accordingly, all of plaintiff Ruiz's claims against
defendant Municipality are **DISMISSED WITH PREJUDICE**.[4]

> ## 2.  **Political Discrimination Pursuant to the First Amendment**

The First Amendment to the United States
Constitution[5] embodies the right to be free from political
discrimination. Barry v. Moran, 661 F.3d 696, 699 (1st Cir. 2011).
The First Circuit Court of Appeals has held that the right to be
free from political discrimination prohibits government officials
from "taking adverse action against public employees on the basis

---

[4] The Court later finds that because the complaint lacks
sufficient facts upon which to establish a claim against defendant
Mayor Arlequin, it also **DISMISSES WITH PREJUDICE**, *sua sponte*,
plaintiff Ruiz's claims against defendant Mayor Arlequin.

[5] The First Amendment states, in relevant part, "Congress
shall make no law . . . abridging the freedom of speech . . . or
the right of the people to peaceably assemble." U.S. Const. amend.
I.

of political affiliation, unless political loyalty is an appropriate requirement of the employment." Ocasio-Hernandez, 640 F.3d at 13 (internal citations omitted). A *prima facie* case of political discrimination based on the First Amendment consists of four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010). Additionally, "*each* defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant." Ocasio-Hernandez, 640 F.3d at 16 (emphasis in original).

The Court finds that plaintiff Ruiz fails to meet an important element required to state a claim of political discrimination against defendant Mayor Arlequin, and, therefore, defendant Municipality. Although she plausibly establishes that she and defendant Mayor Arlequin have opposing political affiliations, that she suffered an adverse employment action, and that defendant Mayor Arlequin knew whether she was politically affiliated with defendant Mayor Arlequin's rival in the mayoral primary election, she has failed to show the affiliation with the mayor's political rival, her husband, was a motivating factor for the alleged adverse employment action taken against her.

### a.   Opposing Political Affiliations

Plaintiff Ruiz's complaint adequately alleges that she and defendant Mayor Arlequin had opposing political affiliations.   She contends that she occasionally appeared alongside her husband at campaign events supporting a candidate that rivaled defendant Mayor Arlequin in the P.P.D. mayoral primary election.  (Docket No. 1 at p. 3.)  Plaintiff Ruiz states that she was "treated as another of" the supporters of defendant Mayor Arlequin's rival.  <u>Id.</u>  Although the two candidates are members of the same political party, they were rivals in the mayoral primary election, and their respective supporters, therefore, are treated as having opposing political affiliation for the purpose of political discrimination cases.  <u>See</u> <u>Padilla-Garcia v. Guillermos Rodriguez</u>, 212 F.3d 69, 72-73 (1st Cir. 2000) (establishing that supporting rival candidates within the same political party satisfies the opposing political affiliation element).  Although plaintiff Ruiz does not directly state in her complaint that she supported defendant Mayor Arlequin's rival, a reasonable inference can be drawn that she did support him.  Accordingly, sufficient facts exist to demonstrate the first element of political discrimination, opposing political affiliations.

### b.   Defendant Mayor Arlequin's Knowledge of Plaintiff Ruiz's Political Affiliation

Defendant Municipality argues that plaintiff Ruiz fails to plead sufficient facts establishing the second

element of political discrimination that the defendants had knowledge of her political affiliation.  It contents that plaintiff Ruiz did not sufficiently plead that she was, in fact, a supporter of the defendant Mayor Arlequin's rival,[6] and further alleges that plaintiff Ruiz fails to plead sufficient facts showing that defendant Mayor Arlequin or any other specific person in the municipality was aware of her political affiliation.  (Docket No. 10 at p. 5.)  The Court agrees that plaintiff Ruiz fails to establish that defendants knew of her political affiliation.

According to the First Circuit Court of Appeals, a plaintiff must plead "discrete factual events" to show that defendants were aware of his or her political beliefs. Ocasio-Hernandez, 640 F.3d at 14-15.  Sufficient allegations include:  (1) that a plaintiff was asked by defendants about the circumstances relating to how the plaintiff obtained his or her job; (2) that the clerical staff directly asked about a plaintiff's political affiliations; and (3) that employees knew about and frequently discussed the political affiliation of their co-workers. Id. at 15.  The Court also should take into account "the cumulative effect of the factual allegations" when evaluating whether it is plausible that a defendant knew of a plaintiff's political affiliation.  Id. at 14.

---

[6] As the Court explains above, a reasonable inference can be made that plaintiff Ruiz was affiliated with defendant Mayor Arlequin's rival because she attended events supporting him.

Civil No. 12-1060 (FAB)                                                    13

            In this case, plaintiff Ruiz did not state a
single factual allegation that any defendant was aware of her
political affiliation.  She merely states that "she was treated as
another of 'Toñito's' supporters, the only opposing candidate
certified by the P.P.D. for political primaries within said party."
(Docket No. 1 at p. 4.)  She does not, however, say who treated her
that way.  Id.  Plaintiff Ruiz also states that her husband's
support for defendant Mayor Arlequin's rival "became publicly known
throughout Guayanilla, and within the Municipal dependencies."
(Docket No. 1 at p. 3.)  Asserting that her husband's affiliation
was well-known, however, is not sufficient to establish that her
own political affiliation was known.  See Jimenez-Gonzalez v.
Alvarez-Rubio, 683 F.Supp.2d 177, 184 (D.P.R. 2010) (finding that
the court could not infer the defendants knew of the plaintiff's
political affiliation when the facts pled showed the defendants
witnessed plaintiff's husband participate in political events
supporting a rival).  Taking into account the cumulative effect of
the facts pled, the Court finds that an inference may be drawn that
defendant Mayor Arlequin was aware of plaintiff Ruiz's political
affiliation because she at times appeared along-side her husband at
his political events.  The second element is satisfied.

               c.   **Adverse Employment Action**

            Plaintiff Ruiz's complaint satisfies the third
element of political discrimination, an adverse employment action.

An adverse employment action occurs "if those actions, objectively evaluated, would place substantial pressure on even one of thick skin to conform to the prevailing political view." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 65, 66 (1st Cir. 2010) (internal citations omitted). Generally, discharging or demoting an employee constitutes an adverse employment action. Id. Plaintiff Ruiz alleges that she was dismissed from her position with defendant Municipality on January 31, 2011. (Docket No. 1 at p. 5.) This non-conclusory factual allegation is sufficient to plead the third element of a political discrimination claim pursuant to the First Amendment.

> d. **Political Affiliation as a Substantial Factor for Plaintiff Ruiz's Discharge**

Defendant Municipality contends that plaintiff Ruiz fails to plead adequately that her political affiliation was a substantial factor for her discharge, which is the fourth element of a political discrimination claim. (Docket No. 10 at pp. 5-6.) The Court agrees. To survive a motion to dismiss, plaintiff Ruiz must plead facts sufficient to support "a reasonable inference that [her] political affiliation was a substantial or motivating factor in the defendants' conduct." Ocasio-Hernandez, 640 F.3d at 16. "[C]ircumstantial evidence alone may support a finding of political discrimination." Lamboy-Ortiz v. Oritz-Velez, 630 F.3d 228, 240 (1st Cir. 2010). Mere conclusory statements that a plaintiff faced an adverse employment action because of his or her political

affiliation, however, are insufficient for a political discrimination claim to survive a motion to dismiss. See Ocasio-Hernandez, 640 F.3d at 12.

        Plaintiff Ruiz does not meet the fourth element of a political discrimination claim because she fails to plead facts plausibly showing that there was a political motivation behind her dismissal. The complaint states that she was "accused of using and maintaining, for her own personal use and gain, private information maintained within the Mayor's Official records." (Docket No. 1 at p. 4.) She attributes the accusations to her immediate supervisor. Id. Plaintiff Ruiz alleges that "[a]ll allegations initiated by defendant against [her] are totally disconnected from the evidence available to and collected by the Municipality and to the findings of their investigation," but she does not even say she was innocent. (Docket No. 1 at p. 5.) She goes on to say that "[d]efendant nonetheless, dismissed plaintiff from her employment," but she does not indicate the reason for her dismissal. (Docket No. 1 at p. 5.) At the motion to dismiss stage, circumstantial evidence of a highly politically charged atmosphere, coupled with a change in political power has been found sufficient to allege political motivation for dismissal. Acevedo-Diaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993). Plaintiff Ruiz fails to plead any factual support, however, showing that there was political motivation behind her dismissal. Instead, the facts she

Civil No. 12-1060 (FAB)                                           16

alleges show that she was accused of theft, and someone within the
defendant Municipality carried out a hearing regarding the
allegations and that after the hearing, she was terminated. Based
on those facts, alleged by plaintiff Ruiz herself, the Court does
not find circumstantial evidence available in the complaint
justifying a plausible inference that she was dismissed due to her
political affiliation.

Because plaintiff Ruiz fails to plausibly plead
sufficient facts supporting the important fourth element of a *prima
facie* case of political discrimination, her First Amendment claim
against defendant Municipality is **DISMISSED WITH PREJUDICE.**

### 3. Political Harassment Pursuant to the First Amendment

The First Amendment also embodies the right to be
free from political harassment. Welch v. Ciampa, 542 F.3d 927, 937
(1st Cir. 2008). "Actions of informal harassment, as opposed to
formal employment actions like transfers or demotions, can be the
basis for first amendment claims if the motive was political
discrimination," but this is only true if the actions are
"'sufficiently severe to cause reasonably hardy individuals to
compromise their political beliefs and associations in favor of the
prevailing party.'" Martinez-Velez v. Rey-Hernandez, 506 F.3d 32,
42 (1st Cir. 2007) (quoting Agosto-de Feliciano v. Aponte-Roque,
889 F.2d 1209, 1217 (1st Cir. 1989) (en banc)). A plaintiff's
political harassment claim can only prevail against a supervisor

if: "(1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence . . . amounting to deliberate indifference." Welch, 542 F.3d at 937.

Defendant Municipality argues that even if the political harassment claim had been well-pled, it is barred by the statute of limitations. (Docket No. 10 at p. 9)  The Court agrees. Because section 1983 does not provide a statute of limitations, courts have applied a state's statute of limitations for personal-injury tort actions. Febus-Rodriguez v. Questell-Alvarado, 660 F.Supp.2d 157, 176 (D.P.R. 2009). In Puerto Rico, personal-injury tort actions have a one year statute of limitations. Id. (citing P.R. Laws Ann. tit. 31, § 5298(2)). Plaintiff Ruiz alleges that she was harassed prior to her dismissal on January 31, 2011. (Docket No. 1 at p. 5.)  Plaintiff Ruiz filed her complaint one-year later, on January 30, 2012. Id. Plaintiff Ruiz did not provide dates for any of the alleged harassment. See id. Any political harassment that happened prior to January 30, 2011, therefore, is barred by the statute of limitations because the alleged harassment occurred more than one year prior to the complaint's filing date.

### 4.   Fourteenth AmendmentEqual Protection Claim

Defendant Municipality next argues that plaintiff Ruiz's claim pursuant to the Fourteenth Amendments' Equal Protection Clause[7] must be dismissed.  It contends that she cannot properly assert a Fourteenth Amendment equal protection political discrimination claim alongside a First Amendment political discrimination claim.  (Docket No. 10 at p. 3.)  The First Circuit Court of Appeals has held that "[a]n equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim and, as [the First Circuit has] said repeatedly, should [be] considered under the First Amendment." Uphoff Figueroa v. Alejandoro, 597 F.3d 423, 430 n.8 (1st Cir. 2010).  Plaintiff Ruiz alleges that she was treated differently because of her perceived political affiliation, and her equal protection claim rests on the same facts as her First Amendment political discrimination claim.  (Docket No. 1 at p. 6.)  The proper method pursuant to which to bring her political discrimination case is, as the First Circuit Court of Appeals has indicated, only pursuant to the First Amendment.  Accordingly,

---

[7] The Fourteenth Amendment to the United States Constitution provides that similarly situated persons shall be treated similarly.  It contains an "Equal Protection Clause," providing, in relevant part, that "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

plaintiff Ruiz's Fourteenth Amendment equal protection claim is **DISMISSED WITH PREJUDICE.**

### 5. Fourteenth Amendment Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. For a procedural due process claim to survive the motion to dismiss stage, a plaintiff must plausibly plead that he or she was "[1] deprived of a property interest, [2] by defendants acting under color of state law, and [3] without the availability of a constitutionally adequate process." <u>Maymi v. Puerto Rico Ports Auth.</u>, 515 F.3d 20, 29 (1st Cir. 2008) (internal citation omitted).

The Due Process Clause guarantees public employees a property interest in their continued employment only if "existing rules or understandings" that "stem from an independent source such as state law" create a reasonable expectation that their employment will continue. <u>Davila-Aleman v. Feliciano-Melecio</u>, 992 F. Supp. 91, 96 (D.P.R. 1997) (quoting <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 538 (1985)). Pursuant to Puerto Rico law, public employees that are categorized as "career" employees enjoy a property interest in their employment. <u>See</u> Laws of P.R. Ann. tit 3, § 1465 ("Career employees . . . are entitled to remain in the service pursuant to the provisions of § 1462e of this title."); § 1462e(4) ("The appointing authority may only . . . remove any

career employee for just cause, after having given written notice
of the bringing of charges and . . . his/her right to request a
hearing before action is taken."); Colon-Santiago v. Rosario, 438
F.3d 101, 108 (1st Cir. 2006); Kercado-Melendez v. Aponte-Roque,
829 F.2d 255, 262 (1st Cir. 1987) (holding that Puerto Rico law
clearly gives career employees a property interest in their
employment). Plaintiff Ruiz states that she "obtained a permanent
position and official designation" as an Office Clerk with the
Municipality of Guayanilla. (Docket No. 1 at p. 3.) Because she
alleges that her job was permanent, a reasonable inference can be
made that her position constituted a career position pursuant to
Puerto Rico law.

         In order to allege a cause of action for a due
process violation sufficiently, plaintiff Ruiz must show that an
official acting under the color of law removed her from her career
position without due process. The minimum process due to a career
employee prior to termination is "oral or written notice of the
charges against him [or her], an explanation of the employer's
evidence, and an opportunity to present his [or her] side of the
story." Loudermill, 470 U.S. at 546. This entails "some kind of
a hearing and an opportunity to respond to the allegations against
the employee." Lopez-Quiñonez v. P.R. Nat'l. Guard, 488 F.Supp.2d
112, 119 (D.P.R. 2007) (internal quotations and citation omitted).
In addition, the opportunity to be heard must take place "at a

Civil No. 12-1060 (FAB)                                             21

meaningful time" and "in a meaningful manner."  See Loudermill, 470
U.S. at 547; Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5-6
(1st Cir. 2000).

        Plaintiff Ruiz acknowledges that an "alleged
impartial administrative hearing was convened" after she was
accused of theft.  (Docket No. 1 at p. 4.)  She contends that she
was publicly identified as someone being investigated for theft
before the hearing was held, so she was denied due process.
(Docket No. 1 at p. 6.)  Defendant Municipality did collect
evidence and investigate the charges against plaintiff Ruiz.
(Docket No. 1 at p. 5.)  The publicity surrounding the
administrative hearing did not prevent an investigation from being
carried out, and no reasonable inference can be made from the facts
alleged that plaintiff Ruiz was unable to speak on her behalf at
the hearing.  Plaintiff Ruiz received the process she was due when
she received notice of the charges against her and was given a
hearing and opportunity to be heard prior to dismissal.
Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Ruiz's
Fourteenth Amendment due process claim against defendant
Municipality.

      **6.**  **Plaintiff Ruiz's Claims Against Defendant Mayor
          Arlequin**

        Plaintiff Ruiz also brings claims against defendant
Mayor Arlequin in both his official and personal capacities.  (See
Docket No. 1 at p. 2.)  Defendant Municipality, however, is the

only party who filed a motion to dismiss.  (See Docket No. 10.)
Notwithstanding, the Court *sua sponte* finds that plaintiff Ruiz's
claims against defendant Mayor Arlequín in his official and
individual capacities must fail for the same reasons as those
brought against defendant Municipality.  As discussed earlier, one
way for liability to be imputed to defendant Municipality is for
plaintiff Ruiz to plausibly plead defendant Mayor Arlequín or
another actor with final-decision making authority violated her
constitutional rights.  Welch, 542 at 941; Kelley, 288 F.3d at 9.
For the reasons discussed previously, plaintiff Ruiz fails to
sufficiently plead a section 1983 claim against Mayor Arlequín.
Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Ruiz's
section 1983 action against defendant Mayor Arlequín in his
official and individual capacities.

> **7.    Plaintiff Ruiz's Claims Against Unknown Defendants
>         John Doe and Jane Doe**

Plaintiff Ruiz has also alleged claims against John
Doe and Jane Doe defendants, who were not known to her when she
filed the claim.  Service on defendants must be completed within
120 days after the complaint is filed, and unidentified defendants
must be named and served by that time.  See Fed.R.Civ.P. 4(m).
More than a year has passed since plaintiff Ruiz filed her claim on
January 30, 2012.  (Docket No. 1.)  Her claims against unidentified
defendants, therefore, are waived for lack of service of process.
Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** all of plaintiff

Ruiz's claims against unidentified defendants John Doe and Jane Doe.

**B.   Plaintiff Ruiz's Supplemental State Law Claims**

Because the Court dismisses plaintiff Ruiz's section 1983 action as to all defendants, no federal claim remains upon which to ground jurisdiction over her Commonwealth law claims.  Federal courts have jurisdiction over state claims when they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.  The Court has dismissed all claims over which it exercised original jurisdiction, and it declines to exercise supplemental jurisdiction over plaintiff Ruiz's Commonwealth claims.  Accordingly, plaintiff Ruiz's Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**IV.  CONCLUSION**

For the reasons expressed above, the Court **GRANTS** defendant Municipality's motion to dismiss for failure to state a claim. Plaintiff Ruiz's federal claims against defendant Municipality of Guayanilla and defendant Mayor Edgardo Arlequin-Velez are **DISMISSED WITH PREJUDICE,** and her Commonwealth law claims against them are **DISMISSED WITHOUT PREJUDICE.**  Additionally, all of plaintiff Ruiz's claims against unknown defendants John Doe and Jane Doe are **DISMISSED WITHOUT PREJUDICE.**  This case is **DISMISSED** in its entirety.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 15, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE